T.C. Memo. 1997-89

UNITED STATES TAX COURT

ELI AND KAREN YECHESKEL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10938-95.                    Filed February 20, 1997.

Eli Yecheskel, pro se.

Ruth Perez, for respondent.

MEMORANDUM OPINION

COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $5,359 in petitioners'
Federal income tax for 1992.

_____

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether petitioners, for their 1992 tax year, are entitled to a deduction for the cost of an automobile used in the trade or business activity of Eli Yecheskel (petitioner) and deductions for other expenses incurred in that activity.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners were legal residents of Silver Spring, Maryland.

Petitioner was self-employed during 1992. He holds a doctor of philosophy degree in management science. For a time prior to the year in question, petitioner was a professor at Johns Hopkins University. Petitioner left the academic field to pursue a self-

---

[2] Two other adjustments in the notice of deficiency were conceded by petitioner at trial: a disallowed casualty loss deduction of $16,190 and disallowed legal expenses of $20,700. The $16,190 casualty loss represented the amount of the loss prior to the limitation provisions of sec. 165(h)(1) and (2). After applying these limitations, the net casualty deduction claimed was $10,000. In a memorandum of authorities and at trial, petitioner argued that the Court should "deviate from the general rule and look behind the notice of deficiency" to establish that "the deficiency notice stems from incompetent examination of Petitioners' 1992 Tax Return or alternatively that the examination was not instituted or conducted in good faith or for a legitimate purpose." The Court rejects that argument under the well-recognized rule, which petitioner is familiar with, that this Court generally will not look behind a notice of deficiency to examine evidence used or the propriety of the Commissioner's motives, administrative policies, or procedures involved in making the determinations in the notice. Proesel v. Commissioner, 73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974).

employed activity.  Petitioners filed a Schedule C, Profit or Loss From Business, with their 1992 return that described petitioner's activity as research and development.  At trial, petitioner testified that he was the creator of software for internet use relating to national health information and patient care management.  He presented a lengthy list of clients, from all parts of the United States, which included doctors, hospitals, medical schools, scientific institutions, health organizations, academies, and government or quasi-government agencies.

On the 1992 Schedule C of their return, petitioners reported $500 gross income from petitioner's activity, expenses of $16,053, and a net loss of $15,553.  In the notice of deficiency, respondent disallowed all the expenses claimed but allowed petitioners a deduction of $510 for telephone expenses that petitioner had substantiated during the audit process.  The telephone expenses allowed had not been claimed on petitioners' 1992 return.[3]

The expenses claimed by petitioners on their Schedule C, which respondent disallowed, are the following:

---

[3]    The adjustment in the notice of deficiency of $15,543 is based upon a disallowance of all the expenses claimed, $16,053 less $510 allowed for telephone expenses, which petitioners had not claimed on the return.  Respondent did not reduce the $15,543 by the $500 gross income reported for the reason that petitioners failed to establish that any of the expenses claimed had been paid or incurred.

| | |
|---|---|
| Insurance | $   600 |
| Rent or lease of vehicles | 15,333 |
| Taxes and licenses | 120 |
| Total | $16,053 |

Respondent disallowed the expenses on the ground that the expenses related to travel and transportation, and petitioners had failed to establish that the expenses were (a) incurred during the taxable year, and (b) were ordinary and necessary business expenses.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The $15,333 item that petitioner claimed as an expense for the rent or lease of vehicles represented the cost of a Mercury Sable automobile petitioner purchased for cash on July 3, 1992. That automobile was used exclusively in petitioner's Schedule C activity by himself and his clients.[4] Petitioners presented no documentary information to substantiate the $600 claimed for insurance and the $120 claimed for taxes and licenses.

---

[4] Petitioner paid for the automobile by issuance of a check in the amount of $15,313 payable to the dealer. No explanation was advanced to account for the $20 difference between the amount of the check, $15,313, and the amount claimed as an expense on Schedule C, $15,333.

Petitioners presented no evidence and cited no authority supporting their claim of a deduction for the entire cost of the automobile in the year of purchase.  It is elementary tax law that an expenditure that results in the acquisition of property with a useful life extending beyond the year of purchase is generally a capital expenditure, and the recovery of such expenditure is an allowance for depreciation under section 167 over the useful life or recovery period of the asset.  Section 167(a) provides generally that there shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, and wear and tear (including a reasonable allowance for obsolescence) of property used in a trade or business or property held for the production of income.  It is patently clear, therefore, that petitioners could not, during 1992, claim the entire cost of the automobile as an ordinary and necessary business expense.  If petitioners are entitled to any deduction at all for the automobile, it would be depreciation, and the Court next considers that question.

For years after 1985, a deduction for transportation expenses (which includes depreciation) is allowed only if the taxpayer meets the strict substantiation requirements of section 274(d).  Sec. 274(d)(1); sec. 1.274-5T(a)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Section 274(d), for taxable years beginning after December 31, 1985, was amended

to provide that no deduction shall be allowed with respect to any listed property as defined in section 280F(d)(4)--

> unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel * * *, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

Listed property, as defined in section 280F(d)(4), includes any passenger automobile or any other property used as a means of transportation.  In addition, section 274(d)(1) requires the same substantiation for any deduction claimed "under section 162 or 212 for any traveling expense".

The elements required to substantiate a claimed transportation expense deduction under section 274(d) include the amount of each separate expenditure with respect to an item of listed property, such as the cost of acquisition of the listed property.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Although petitioner did not maintain records that would satisfy the substantiation requirements of section 274(d) for expenses incurred in connection with the use of the automobile, petitioners did satisfy the substantiation requirements for the cost of the automobile by offering into evidence the original canceled check issued for payment of the vehicle in the amount of $15,313.  To

that extent, therefore, and since the automobile was used exclusively in the trade or business activity, petitioners have satisfied the substantiation requirements of section 274(d) and the requirements of section 280F to allow them a depreciation recovery deduction under sections 167 and 168(a).  Petitioners, therefore, are sustained to the extent of a depreciation allowance for the automobile.

As to the other disallowed Schedule C expenses, petitioners presented no evidence to substantiate those expenses. Respondent, therefore, is sustained on those items.

To account for the allowed depreciation,

<u>Decision will be entered</u>

<u>under Rule 155.</u>